UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIRA SCHOFIELD, | : | Case No. 1:16-cv-786 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
(1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 14), and
(2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 16)**

### I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and memoranda filed with this Court, and on August 11, 2017, submitted a Report and Recommendations. (Doc.14). On August 29, 2017, Plaintiff filed objections ("Objections") (Doc. 16).

### II. ANALYSIS

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does

determine that such Report and Recommendations (Doc. 14) should be and is hereby adopted in its entirety and Plaintiff's Objections (Doc. 16) should be and are overruled.

Plaintiff's first objection argues that the Magistrate Judge "inverted the treating doctor rule" by approving the Administrative Law Judge's ("ALJ") decision to give more weight to state agency doctors than Plaintiff's treating physicians. (Objections at 6-7). This argument fails. As explained by the Magistrate Judge, the ALJ set forth sufficient reasons for why he did not afford Plaintiff's treating physicians controlling weight; most notably, because the ALJ found their opinions to be conclusory and not supported by the record. (R&R at 9-11); *see also* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 287 (6th Cir. 1994) (treating physician opinions are "only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence.").

Plaintiff's second objection argues that the Magistrate Judge erroneously endorsed the use of outdated evidence by approving the ALJ's decision to give moderate weight to a 47 month old opinion from Dr. Rudy, a state agency doctor, because Dr. Rudy did not have the opportunity to review Plaintiff's updated medical information. (Objections at 8). Similarly, Plaintiff's sixth objection argues that Dr. Rudy's report was irrelevant after 2012. (*Id.* at 14). These arguments fail. An ALJ can reasonably rely on a state agency physician's opinion as long as the ALJ considers any evidence that the physician could not consider, including subsequent medical examinations. (R&R at 12); *McGrew v. Coimm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009). As explained by the

Magistrate Judge, the ALJ's decision indicates that he considered the entire record when formulating Plaintiff's residual functioning capacity. (R&R at 12).

Plaintiff's third objection argues that the Magistrate Judge erred in failing to consider the internal inconsistency of Dr. Rudy's report, to which the ALJ assigned moderate weight. (Objections at 9). Specifically, Plaintiff argues Dr. Rudy's notation that he found Plaintiff's statement of her disabling systems to be "fully credible" requires a finding of disability. (Doc. 16 at 9). The Court does not agree. Dr. Rudy's report states that Plaintiff's statement regarding her daily activities—which included being able to walk a couple miles, driving, attending martial arts class, shopping, and doing household chores—to be "consistent with the medical evidence." (Tr. at 121-125). This does not compel a finding of disability or cast doubt on the consistency of Dr. Rudy's report.

Plaintiff's fourth and fifth objections argue that the Magistrate Judge erroneously approved the ALJ's decision to scrutinize the treating physicians' reports more thoroughly that the state agency physicians' reports, and in any event, the ALJ's criticisms of the treating physicians' opinions lack merit. (Objections at 9-12). These arguments fail. As explained by the Magistrate Judge, the ALJ sufficiently justified the weight he assigned to each respective treating physician's opinion, including their inconsistency with relevant treating notes. (R&R at 6-12; Tr. at 33-35).

Plaintiff's seventh objection argues that the Magistrate Judge "used [Plaintiff's] ability to perform ordinary activities of daily living as a basis to deny benefits." (Objections at 14). This argument fails. As explained by the Magistrate Judge, the ALJ properly considered whether Plaintiff's ability to engage in daily activities and to travel

3

contradicted her testimony of constant physical pain and disabling fatigue. (R&R at 16-17).

Plaintiff's eighth and ninth objections argue that the Magistrate Judge approved of the ALJ's attacks on Plaintiff's character and turned the hearing into an adversarial proceeding. (Objections at 16-17). The Court does not agree for two reasons. First, to the extent Plaintiff argues the ALJ had a duty to further develop the record, that duty typically only exists in special cases, unlike this one, where the claimant is without counsel and/or unable to present an effective case. *See Rise v. Apfel*, No. 99-6164, 2000 U.S. App. LEXIS 26851, at *4 (6th Cir. Oct. 13, 2000). In any event, upon review, the Court finds the ALJ's decision to be based upon its consideration and weighing of relevant evidence, not impermissible character traits.

Plaintiff's tenth objection argues that the Magistrate Judge should have remanded this action pursuant to the sixth sentence of 42 U.S.C. § 405(g) in order to consider an affidavit Plaintiff submitted to the Appeals Council in May, 2016. (Objections at 19). This argument is not well-taken. The Court's review is typically limited to evidence that was before the Commissioner during the administrative proceedings. Pursuant to Sentence Six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is "new" and "material." 42 U.S.C. § 405(g). For the reasons explained in the Report and Recommendations, the Court concludes the affidavit is neither. (R&R at 20-21).

## III. CONCLUSION

For the foregoing reasons:

1. The Report and Recommendations (Doc. 14) is **ADOPTED**;

2. Plaintiff's Objections (Doc. 16) are **OVERRULED**;

3. The Commissioner's decision is **AFFIRMED**; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/20/17

*Timothy S. Black*
Timothy S. Black
United States District Judge